UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

MARGARET BACH,

        Plaintiff,

        v.                                       Case No. 11-C-0444

CENTOCOR ORTHO BIOTECH INC.,
JOHNSON & JOHNSON,

        Defendants.

---

DECISION AND ORDER
DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DOC. # 12)
DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DOC. # 14)
AND GRANTING DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6) (DOC. # 4)

On April 12, 2011, Margaret Bach filed a pro se complaint in Milwaukee County Circuit Court alleging that her employer, Centocor Ortho-Biotech, Inc., and its parent corporation, John & Johnson, Inc., violated their implied employment contract set forth in the Johnson & Johnson credo and other documents, wrongfully discharged her in violation of public policy, and discriminated against her because she is an unmarried woman with a disabled child. Defendants filed a notice of removal citing federal claims and diversity jurisdiction, and moved to dismiss. After defendants wrote to the court because Bach failed to respond, Bach filed a tardy motion for extension of time and motion to amend the complaint.[1] Bach cites a confluence of events, including her son's increase in seizures and

---

[1]For purposes of the record, it should be noted that Bach, a Marquette Law School graduate, is well versed in the law, familiar with the rules governing litigation, and aware of her obligations to respond to motions.

1

aggressive behaviors, an IRS audit, and a hearing before the State Board of Bar Examiners as reasons why she should be granted an extension of time to respond to the dismissed motion. Nevertheless, during the hearing on March 27, 2012, Bach conceded that she knew to ask opposing counsel for an extension but she did not feel it would be worthwhile. In addition, she admitted that she set other priorities and attended to them, including litigation in the state court. Consequently, the court finds no basis to grant the extension. Moreover, the proposed amended complaint fares no better than the original complaint in stating a claim. Hence, the motion to amend the complaint will be denied.

Federal Rule of Civil Procedure 15 governs motions to amend complaints. Because Bach did not file the motion to amend within twenty-one days of the filing of the motion to dismiss, she must seek leave from the court and such leave shall be freely given when "justice so requires." Fed. R. Civ. P. 15(a)(2). The court "need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). An amended complaint is considered to be futile if it could not withstand a motion to dismiss. *See Smart v. Local 702 Intern. Broth. Of Elec. Workers*, 562 F.3d 798, 811 (7th Cir. 2009).

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must provide a short and plain statement of the claim showing that the pleader is entitled to relief such that the defendant is given "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)).

Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (quoting *Twombly*, 550 U.S. at 555).

Bach argues that amendment of her complaint is necessary to "clarify the precise statues at issue in her claim for wrongful discharge for public policy reasons and provide added clarity with the documents in question, and supporting detail." She concedes that the statute of limitations has run on her claim for gender, marital status, and disability discrimination. (Doc. 15 at 3.) Similarly, Bach concedes that the Equal Right Division of the Wisconsin Department of Workforce Development has no record of any filing which may preclude claims under the Wisconsin Fair Employment Act. (Doc. 15 at 4.) Nevertheless, she maintains that she can proceed on a claim that she was retaliated against for requesting accommodation.

While the retaliation claim does not appear in the original or proposed amended complaint, Bach identified a multiplicity of new claims. Under federal law, Bach alleges claims under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, the National Labor Relations Act, the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*, and various Food and Drug Administration Laws.

With respect to the False Claims Act, paragraph 36 of the complaint charges that defendants received medicaid and medicare payments for Remicade due to "false promotion." The False Claims Act prohibits the submission of false and fraudulent claims to the government, and authorizes private citizens to enforce its provisions. 31 U.S.C. § 3729(a), (b)(1); *see Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 912 (7th Cir.

2009).  To pursue such an action, a relator must file her complaint under seal for at least sixty days, which gives the government an opportunity to investigate the claim and to determine whether to intervene.  31 U.S.C. § 3730(b)(2).  Independent of Bach's failure to follow the procedure set forth in the statute, the amended complaint does not identify the "specific false claims for payment or specific false statements made in order to obtain payment" from the government.  *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003).  Therefore, such amendment would be futile.

Next, the claim under the National Labor Relations Act fails because Bach admits that "this claim too has missed the statute of limitations to obtain specific relief through the National Labor Relations Board."  (Doc. 10, Am. Complaint at ¶ 37.)   Bach's Family Medical Leave Act claim is similarly time barred.  Any claim must be filed within two years of the alleged misconduct.  29 U.S.C. § 2617(c)(1).  Bach complains of an incident on September 17, 2008, in which she was "given a written warning threatening termination for requesting two hours off for her disabled son, and not provided with a flexible work schedule after being physically attacked and injured by her disabled son."  (Doc. 14, Am. Complaint at ¶ 27.)  Moreover, Bach never alleges that she requested unpaid leave under the FMLA.  Indeed, Bach writes that "she felt restrained form [sic] bringing up family medical leave, knowing it would not be well received."  (Doc. 15 at 6.)

Bach's final claims under federal law reference various sections of the Food and Drug Administration: 21 U.S.C. § 352 Misbranded Drugs or Devices, 21 U.S.C. § 355 New Drugs, 21 U.S.C. § 321(n) Misleading Advertising, 21 C.F.R. §§ 202.1(e)(3)(I), (e)(6)(i),(viii), (e)(7)(I), (iii) and(viii), 21 U.S.C. § 360(aaa) Requirements for dissemination of treatment information on drugs or devices, 21 U.S.C. § 502 Misbranded drugs or

4

devices, Food and Drug Administration, HHS Part 203 on Prescription Drug Marketing, and 21 U.S.C. § 355a, section 505A Pediatric Studies of Drugs. At paragraph 39, Bach asserts:

> [i]n general, no drug can be promoted without an FDA approved indication that it was properly studied to be safe and efficacious. No promotional materials can be used that have not been approved by the FDA. All promotional materials have to contain fair balance so no highlighting of medical articles is allowed. Specific pediatric studies must be done before any use is approved in children.

The Food, Drug and Cosmetic Act has not created, nor has it implied, any private right of action or right to relief for misbranding or any other violation of that Act or FDA regulations. *Pacific Trading Co. v. Wilson & Co., Inc.*, 547 F.2d 367, 367–8, 370–1 (7th Cir. 1976). Moreover, Bach cites the law without providing any factual predicate for the claims.

Turning to the proposed amendments arising under the Wisconsin Statutes, these claims fall into three categories: (1) claims that require Bach to exhaust her administrative remedies; (2) claims that do not provide for a private right of action; and (3) claims that are time barred. Under the first category, Bach has alleged violations of Wis. Stat. §§ 103.02, 103.10, 103.455, 109.075(4), 109.03(5), and Wis. Admin. Code DWD § 274.02(3). Section 103.02 of the Wisconsin Statutes provides that "no person may be employed or be permitted to work in any place of employment or at any employment for such period of time during any day, night or week, as is dangerous or prejudicial to the person's life, health, safety or welfare." Section 103.02 references Wis. Stat. § 111.322(2m) and Chapter 111 sets forth the procedure for exhausting administrative remedies prior to filing a complaint. *See* Wis. Stats. §§ 111.321 to 111.322 and 111.39 to 111.397. Bach concedes that she did not pursue her administrative remedies.

Likewise, if Bach had a claim under Wis. Stat. § 103.10(1m), she was required to pursue her administrative remedies prior to seeking leave to amend in this court. Section 103.10(1m) provides that the "legislature finds that the provision of family and medical leave that is uniform throughout the state is a matter of statewide concern " and that any local laws inconsistent with that would be "logically inconsistent with and would defeat the purpose of, and would go against the spirit of the section." Bach has not identified any inconsistent city, village, town or county ordinances, and did not file her administrative claim prior to seeking judicial review.

Another statute requiring exhaustion of administrative remedies is Wis. Stat. § 103.455, Deductions for faulty workmanship, loss, theft or damage. That section provides that "no employer may make any deduction from the wages due or earned by an employee, who is not an independent contractor, for defective or faulty workmanship, lost or stolen property or damages to property," unless the employee so authorizes in writing. There are no allegations in the proposed amended complaint that provide any factual basis for such claim. Moreover, she failed to exhaust the administrative remedies mandated by Wis. Stat. § 111.322. *See* Wis. Stat. §§ 111.321 to 111.322 and 111.39 to 111.397.

Section 109.075(2) applies to situations where an employee decides to cease providing health care benefits in this state. Bach alleges nothing more than her employee benefits terminated when her position was terminated. Aside from failing to provide any factual basis for the claim, she did not exhaust the enforcement procedure set forth in Wis. Stat. § 109.075(4).

Next, Wis. Stat. § 103.13 allows a current or former employee to inspect personnel documents but does not vest an employee with a private remedy. *Garner v. State,* 2011

WI App 1, 330 Wis. 2d 833, 794 N.W.2d 927 (unpublished).

Other statutory claims are time barred. Wis. Stat. § 893.44(1) provides that "any action to recover unpaid salary, wages, or other compensation for personal services shall be commenced within two years after the cause of action accrues or be time barred." An aggrieved employee may also file a statutory wage claim with the Department of Workforce Development to secure payments of monies earned. Bach cites Wis. Stat. § 109.01(3) which defines wages as "remuneration payable to an employee for personal services, including salaries, commissions, holiday and vacation pay, overtime pay, severance pay or dismissal pay ... bonuses and any other similar advantages agreed upon between the employer and employee or provided by the employer to the employees as an established policy." This statutory definition is offered to support Bach's claim that she should have been reimbursed for the full amount of her law school tuition and that she did not receive "comp time" for frequent evening programs, significant paperwork, weekend conference and travel on weekends." (Doc. 14 at ¶ 30.) The statute contemplates recovery for amounts due under the employment contracts. Even if Bach had alleged that the amounts were due under an employment contract, she did not file the claim within two years or pursue a claim with DWD. Hence, such claim is time barred.

Along the same lines, Bach alleges that she did not receive a work free thirty minute meal period as required by Wis. Stat. § 109.03(5) and Wis. Admin. Code DWD 274.02(3). She asserts that she was required to work "countless breakfast, lunch, and dinner programs" without compensation but does not contend that she did not receive a thirty minute meal period. In any event, she never raised this claim within the two year limit set forth in Wis. Stat. § 893.44.

Another set of claims in the proposed amended complaint arise from Bach's theory that her termination violated an implied employment agreement. Bach cites to various documents, including work policies, and a company credo to support her theory that she was wrongfully discharged.

In Wisconsin, an employee is terminable at the will of either an employer or an employee without cause. *Wolf v. F & M Banks*, 193 Wis. 2d 439, 449, 534 N.W. 2d 877 (Ct. App.1995). Wrongful discharge of an employee-at-will occurs only when the discharge is contrary to a fundamental or well-defined public policy or an abrogation of the at will relationship as evidenced by an express or implied contract. *See Ferraro v. Koelsch*, 124 Wis. 2d 154, 157-58, 368 N.W.2d 666 (1995); *Garvey v. Buhler*, 146 Wis. 2d 281, 287, 430 N.W.2d 616 (Ct. App. 1988).

Nothing in the documents attached to the proposed amended complaint abrogate the at will relationship. Indeed, each of the attached documents expressly disclaims any intent to alter the at will relationship. The Performance and Conduct Standards Policy states that "nothing in this policy is intended to alter the employee's at-will status of employment with the Company." (Doc. 14 at Ex. 9.) The Flexibility and Flexible Work Arrangements Policy, Work, Personal & Family Time-Off Policy, Personal Leave of Absence Policy, and the Sick Time Policy" all state that the respective policies do "not create any contractual rights or obligations, whether express or implied." (Doc. 14 at Exs. 5, 6, 7, and 8.) The Chicago G-Force Expectations document sets forth the company's minimum expectations and notes that "expectations may change due to Business needs." (Doc. 14 at Ex. 2.) On their face, none of these documents, including the company credo, give rise to an express or implied contract that would preclude defendants from firing Bach

without cause.

Finally, Bach alleges she was "promised no one at Centocor would retaliate against her for reporting her manager for the illegal binder violating FDA regulations by John Murray, Maripat Rhood, and the Johnson & Johnson attorney, Joe Braunruether." (Doc. 14 at ¶ 35.) She further contends that Manager Tracey Clery "had a learning disability that led to inaccurate performance appraisals and Margaret's ultimate termination." (Doc. 14 at 11.)

To the extent that Bach is asserting a promissory estoppel claim, she must allege that: (1) the promise is one that the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee; (2) the promise induced such action or forbearance; and (3) injustice can be avoided only by enforcement of the promise. *McLellan v. Charly*, 2008 WI App 126, ¶ 50, 313 Wis.2d 623, 758 N.W.2d 94 (citing *Hoffman v. Red Owl Stores, Inc.*, 26 Wis.2d 683, 698, 133 N.W.2d 167 (1965)). Bach submits that one set of managers promised to follow the law. Years later, another manager terminated her because that manager had a learning disability. Such pleading fails under *Twombly*.

Because the proposed amendments are futile, the court turns to the original complaint. As mentioned above, Bach concedes that her discrimination claims under federal law and the Wisconsin Fair Employment Act are barred. In addition, the court has discussed that the various policies cited by Bach do not overcome the presumption that she was an employee at will and Bach conceded in her proposed amended complaint that the original complaint did not state a plausible claim for relief for wrongful discharge under Wisconsin law.

Now, therefore,

IT IS ORDERED that Bach's motion for extension of time is denied.

IT IS FURTHER ORDERED that Bach's motion to amend the complaint is denied.

IT IS FURTHER ORDERED that defendants' motion to dismiss is granted.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2012.

BY THE COURT

/s/ C.N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE